IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02660-WDM-MJW

GEROLD GALLEGOS,

    Plaintiff,

v.

DIRK KEMPTHORNE, Secretary of the Interior, and
U.S. DEPARTMENT OF THE INTERIOR,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

    This matter is before me on Defendants' Motion to Dismiss, or in the Alternative, to Transfer for Improper Venue (Docket No. 23). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be granted in part and denied in part.

### Background

    This case arises out of Plaintiff's employment relationship with the United States Department of the Interior, Bureau of Indian Affairs ("BIA"). Plaintiff is a Hispanic male who was employed in federal service beginning in 1985 until May 15, 2006, when he retired. At the time of his retirement, Plaintiff was employed as a Supervisory Social Worker, GS-12, Tribal Services, Northern Pueblos Agency, Southwest Region stationed at San Juan Pueblo, Rio Arriba, New Mexico. Plaintiff had been reassigned to the

Northern Pueblos office in 2003 from his previous post in South Dakota as part of a settlement agreement resolving a number of Equal Employment Opportunity Commission ("EEOC") complaints he had filed.  At the time of his retirement, Plaintiff supervised a single employee, Shirley McKinley, a GS-11 social worker, who was Indian.

On March 14, 2006, Defendants issued to Plaintiff a Reduction in Force ("RIF") notice informing him that his position was being eliminated due to lack of funds, he was being released from his competitive level, and, as there was no opportunity for him to "bump" or "retreat" to another position, he would be separated from federal service.  The budget shortfall necessitated that one position be eliminated; the decision to eliminate Plaintiff's position rather than Ms. McKinley's was based, in part, on the contracting out of social services functions to the San Juan Pueblo.  Based on the RIF, Plaintiff retired from federal service on May 16, 2006.  The GS-11 position was not eliminated and Ms. McKinley continued in that position.  Ms. McKinley did, however, later vacate this position for another employment opportunity, separating from the GS-11 position on June 10, 2006.  Plaintiff sought reassignment to the GS-11 position.  Plaintiff's request for re-employment was denied and the position, although posted, was never filled.

Plaintiff appealed his RIF separation to the Merit Systems Protection Board ("MSPB") on May 19, 2006 disputing the *bona fides* of the RIF, claiming a retreat right to the GS-11 position, and claiming that his rights under 25 U.S.C. § 472a(d) were violated.  Specifically, Plaintiff claimed that the agency's decision to abolish his position was not *bona fide* because the social services function had not been contracted to San

Juan Pueblo at the time of the RIF; BIA could have allocated the money differently; Ms. McKinley notified BIA that she would be leaving prior to the effective date of the RIF; and the RIF was mere pretext for retaliation for Plaintiff's prior EEOC complaints. In an opinion dated March 19, 2007, an MSPB Administrative Judge ("AJ") determined that the RIF was reasonable based on the budget and the contracting out of services to the San Juan Pueblo; that BIA had no obligation to alter its decision based on Ms. McKinley's job change; and that there was no evidence that the RIF was causally connected to Plaintiff's previous EEOC activities. Therefore, the AJ concluded that BIA's RIF was based on *bona fide* government reasons. The AJ further concluded that Plaintiff's retreat rights or rights under 25 U.S.C. § 472a(d) had not been violated. The MSPB denied Plaintiff's petition for review on September 19, 2007. Plaintiff appealed this decision to the EEOC.[1] On November 26, 2007, the EEOC issued its decision concurring with the AJ that there was no discrimination. Notably, in the decision, the EEOC indicated that Plaintiff had claimed he was discriminated against based on "race (unspecified), national origin (non-Indian), and reprisal for prior EEO activity." (Docket No. 23-7 at 2.)

---

[1] The EEOC has authority to review "mixed case appeals", 29 C.F.R. § 1614.302(a)(2) (defining "mixed case appeal" as "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age"). *See* 5 U.S.C. § 7702(b)(1) ("An employee or applicant may, within 30 days after notice of the decision of the Board . . . petition the Commission to consider the decision."); 29 C.F.R. § 1614.303(a) ("Individuals who have received a final decision from the MSPB on a mixed case appeal or on the appeal of a final decision on a mixed case complaint under 5 CFR part 1201, subpart E and 5 U.S.C. § 7702 may petition EEOC to consider that decision.")

While the RIF appeal was still pending before the AJ, Plaintiff appealed BIA's denial of his re-employment request. On June 12, 2007, however, the AJ dismissed the appeal for lack of jurisdiction stating that the Board does not have jurisdiction over non-selections or an agency's decision not to fill a position. On September 19, 2007, the MSPB denied Plaintiff's petition for review. Plaintiff sought review by the EEOC. Because the MSPB dismissed the case for lack of subject matter jurisdiction, the EEOC referred the matter back to BIA for further processing and declined to address Plaintiff's appeal. Pursuant to this order from the EEOC, the Department of the Interior sent a memorandum to BIA detailing steps that needed to be taken to comply with the EEOC order. Notably, the memorandum addressed both Plaintiff's re-employment claim and another claim on appeal to the EEOC (not at issue in this case). In further compliance, on January 22, 2008, the Department of the Interior sent Plaintiff a letter regarding his claim of hostile work environment (not at issue in this case) and violation of re-employment rights.

Plaintiff brought this action on December 20, 2007. His complaint alleges violations of "unlawful reprisal under 42 U.S.C. § 2000e-3 and discrimination under 42 U.S.C. § 2000e-16." (Docket No. 1 at 1.) Although it is somewhat unclear from the allegations in the complaint exactly what forms of discrimination Plaintiff alleges, it appears that he is claiming that (1) he was unlawfully discriminated against when BIA instituted the RIF and (2) he was unlawfully retaliated against for engaging in EEOC activities when BIA instituted the RIF and when BIA denied him re-employment to the GS-11 position.

## Standard of Review

A plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be in one of two forms. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). First, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Second, the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas*, 351 F.3d at 1013 (citing *Stuart*, 271 F.3d at 1225). In this case, "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt*, 46 F.3d at 1003. Rather, the court may look to affidavits and other documents outside the pleadings and such reliance does not convert the motion to a Rule 56 motion for summary judgment. *Id.*

## Discussion

Defendants move for dismissal of Plaintiff's complaint for lack of subject matter

jurisdiction or, in the alternative, transfer to the District of New Mexico.  Plaintiff opposes both alternatives.

1. <u>The Federal Circuit's Exclusive Jurisdiction</u>

   a. *RIF*

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) of Plaintiff's claim regarding the RIF.  They argue that because the RIF claim is based solely on retaliation for engaging in protected activities, the appeal is not a "mixed appeal" and, therefore, the Federal Circuit has exclusive jurisdiction.   Defendants contend that because 42 U.S.C. § 2000e-16 does not list reprisal as a form of discrimination that is protected, it is not a "discrimination" claim under 5 U.S.C. § 7703(b)(2) such that district courts have jurisdiction.  Plaintiff responds merely that his claim is a "mixed case" and, therefore, a federal district court has jurisdiction to review the agency decision.  Plaintiff does not address the issue of whether reprisal constitutes "discrimination" under section 2000e-16.  Although Defendants are correct that the statute authorizing jurisdiction does not expressly refer to retaliation, the Tenth Circuit has determined that district courts have jurisdiction over retaliation claims.[2]

Generally, "a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."  5 U.S.C. § 7703(b)(1).  However, "[c]ases of discrimination subject to the provisions of section 7702" must be filed under the general Civil Rights Act of 1964, *id.* § 7703(b)(2).  In

---

[2] I note that although the Tenth Circuit's opinion issued after Defendants motion to dismiss, it issued before Plaintiff filed his response or Defendants filed their reply, but neither party cited to the controlling Tenth Circuit decision in their respective filings.

*Dossa v. Wynne*, 529 F.3d 911, 915 (10th Cir. 2008), the Tenth Circuit determined that retaliation claims are included in this exception to the general rule that the Federal Circuit has exclusive jurisdiction over MSPB appeals:

> [Section] 7703(b)(2) authorizes a federal employee to file suit under § 2000e-16(c) for discrimination referred to in § 2000e-16(a), based on race, color, religion, sex, or national origin. Subsection (c) further states that an employee may file a civil action 'as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). Pursuant to § 2000e-5, and employee shall not be reinstated if she was discharged "for any reason other than discrimination on account of race, color, religion, sex, or national origin *or in violation of section 2000e-3(a) of this title.*" 42 U.S.C. § 2000e-5(g)(2)(A) (emphasis added). In turn, § 2000e-3(a) prohibits discrimination against an employee for opposing a discriminatory employment practice or because she made a charge of discrimination. 42 U.S.C. § 2000e-3(a). Therefore, Title VII includes retaliation claims and §§ 7703(b)(2) authorizes judicial review of them.

*Dossa*, 529 F.3d at 915. In light of this controlling case, I conclude that this court has jurisdiction over Plaintiff's RIF claim regarding retaliation.[3]

    b.    *Re-employment*[4]

Defendants also argue that the Federal Circuit has exclusive jurisdiction over Plaintiff's re-employment claim because the MSPB dismissed the appeal for lack of

---

[3] I note that the EEOC decision indicates that Plaintiff appealed his re-employment claim to the MSPB alleging both retaliation and discrimination based on race and national origin and, therefore, the above analysis may not be necessary as Plaintiff is alleging discrimination and not just retaliation. (*See* EEOC Order, Docket No. 23-7 at 1.) However, as the AJ's initial decision does not reference discrimination and I do not have before me Plaintiff's MSPB appeal, I conclude it is appropriate to address Defendants' argument.

[4] Defendant also argues that Plaintiff failed to exhaust his administrative remedies for this claim because he did not wait 180 days after the remand to file this lawsuit as required by 29 C.F.R. § 1614.407(d). I need not address this argument, however, as I conclude that I do not have jurisdiction over this claim. Furthermore, I note that should Plaintiff refile with the Federal Circuit, he may well be deemed to have exhausted his administrative remedies at that time.

subject matter jurisdiction.  Plaintiff does not explicitly address this argument although he does generally argue that his case is a mixed case and, therefore, this court has jurisdiction.  Based on the controlling case law, I agree with Defendants.

Generally, jurisdiction over appeals of MSPB determinations that do not involve claims of discrimination lies exclusively with the Federal Circuit.  *Coffman v. Glickman*, 328 F.3d 619, 621 (10th Cir. 2003).  But, when an appeal from a MSPB decision includes "a claim of unlawful discrimination relating to or stemming from the employment action, it is considered a 'mixed' appeal'" and must be appealed in a United States District Court.  *See id.* At 621–22.  However, "review of the Board's determination that it lacks jurisdiction to hear the employee's claim lies exclusively in the Federal Circuit."  *Wall v. United States*, 871 F.2d 1540, 1543 (10th Cir. 1989) (affirming the District Court's determination that the Federal Circuit had exclusive jurisdiction).

In this case, the MSPB determined that it did not have jurisdiction to hear Plaintiff's claims regarding his re-employment rights because there is no "law, rule or regulation which gives the Board jurisdiction over" Plaintiff's claim.  (Docket No. 23-4 at 3.)  The MSPB determined that Plaintiff failed to meet his burden of demonstrating jurisdiction because he could not show that BIA selected another person or appointed anyone into the position and "the Board does not have jurisdiction over non-selections generally or an agency's decision not to fill a position after issuing a vacancy announcement."  *Id.* at 2–3.  The MSPB denied Plaintiff's petition for review.  The EEOC remanded the case to the agency, determining that "[w]hen the MSPB dismisses for lack of jurisdiction, the agency must resume processing the matter from the point

processing ceased." (Docket No. 23-8 at 3.).  As Plaintiff is appealing the MSPB's jurisdictional determination of Plaintiff's re-employment claim, under *Wall*, the Federal Circuit has exclusive jurisdiction.  *Wall*, 871 F.2d at 1543.  Therefore, dismissal of Plaintiff's re-employment claims is appropriate.

2.  Venue

Defendants argue that venue is not proper in Colorado but, rather, is proper in New Mexico.  Defendants move for either dismissal based on improper venue or a transfer to the District of New Mexico.  Defendants maintain that all four options for establishing venue for discrimination claims only establish venue in the District of New Mexico.  Plaintiff responds that venue is proper in this district because he lives here and Defendants have offices here.  He does not address the four options of establishing venue.

"Title VII contains its own venue provision"—5 U.S.C. § 2000e-5(f)(3).  *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citing 5 U.S.C. § 2000e-5(f)(3)).  "It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions."  *Id.*  For Title VII cases, venue is proper:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

5 U.S.C. § 2000e-5(f)(3).  The burden of establishing proper venue rests on the Plaintiff.

*See Ervin & Assoc., Inc. v. Cisneros*, 939 F.Supp. 793, 796 (D. Colo. 1996) ("'Once venue is attacked, the plaintiff bears the burden to show proper venue.'" (quoting *Andrean v. Sec'y of the U.S. Army*, 840 F.Supp. 1414, 1422 (D.Kan.1993)). In this case, I agree with Defendants that venue is proper only in New Mexico under all of the options for establishing venue.[5] Venue is proper in New Mexico under the first option because the alleged unlawful employment practices took place in New Mexico—where Plaintiff was employed when the RIF was effectuated. Plaintiff has not alleged that any unlawful employment practices took place in Colorado; therefore, venue is not proper in Colorado. Under the second prong venue is also proper in New Mexico and not in Colorado because the employment records are maintained and administered at the BIA Southwest Region Human Resources Office in Albuquerque, New Mexico. Defendants submitted a declaration by Karen Parrish, the Human Resources Officer and Custodian of Records for the BIA Southwest Region attesting that the records are kept in New Mexico including Plaintiff's Official Personnel Folder and performance appraisal folders and records pertaining to the RIF that resulted in Plaintiff's separation.[6] (*See* Docket No. 23-10.) Plaintiff does not contest Defendants' assertion that Plaintiff's employment

---

[5] As I have determined that the Federal Circuit has exclusive jurisdiction over Plaintiff's claim regarding re-employment rights, I do not address whether venue is proper in Colorado for that claim.

[6] I note that Plaintiff's payroll records are kept in a national computer system whose home office is in Denver, Colorado. However, the information regarding Plaintiff was all entered in either South Dakota or New Mexico. Furthermore, the payroll information does not make up the employment records relevant to the alleged unlawful employment practices. Therefore, the fact that the home office for the payroll computer system is in Colorado does not make venue proper in Colorado.

records are maintained and administered in New Mexico. Therefore, as all employment information relevant to the alleged unlawful employment practices are maintained and administered in New Mexico, I conclude the second prong confers proper venue in only New Mexico. Under the third prong venue is also only proper in New Mexico as it is where Plaintiff would have worked but for the alleged unlawful employment practices. Indeed, if the RIF was not effectuated, Plaintiff would have remained employed in New Mexico. Therefore, under any of the three options for establishing proper venue, venue is only proper in New Mexico.[7] None of Plaintiff's arguments concerning his own convenience, Defendants' Denver office, or the location of the MSPB hearing changes the venue analysis.

Under 28 U.S.C. § 1406(a), I may either dismiss an action for improper venue, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is in my discretion to determine whether dismissal without prejudice or transfer to another venue is proper. *See Pierce*, 137 F.3d at 1191 ("[T]he decision of whether the dismiss or transfer lies within the sound discretion of the trial court." (citations omitted)). I conclude that transfer to the District of New Mexico is proper in this case and will serve the interests of justice.

Accordingly, it is ordered:

1.       Defendants' Motion to Dismiss, or in the Alternative, to Transfer for

---

[7] I also note that, although not a necessary inquiry because Defendants may be found in the venue determined by the first three options, venue is also not proper in Colorado under the fourth option because Defendants' principal place of business is not in Colorado.

Improper Venue (Docket No. 23) is granted in part and denied in part.

2. Plaintiff's claim based on the denial of re-employment rights is dismissed without prejudice for lack of jurisdiction.

3. All other claims remain pending.

4. This case is transferred to the District of New Mexico.


DATED at Denver, Colorado, on January 13, 2009.
BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge